IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON BROWN,<br>1160 Abbett Lane<br>Woodbury, NJ 08096 | CIVIL ACTION NO: |
| Plaintiff, | COMPLAINT WITH JURY DEMAND |
| v. | |
| APOTHAKER & ASSOCIATES, P.C. d/b/a<br>APOTHAKER SCIAN, P.C.,<br>520 Fellowship Rd.<br>Mount Laurel, NJ 08054, | |
| and | |
| DAVID APOTHAKER<br>c/o APOTHAKER & ASSOCIATES, P.C.<br>d/b/a APOTHAKER SCIAN, P.C.,<br>520 Fellowship Rd.<br>Mount Laurel, NJ 08054, | |
| and | |
| KIMBERLY SCIAN<br>c/o APOTHAKER & ASSOCIATES, P.C.,<br>d/b/a APOTHAKER SCIAN, P.C.,<br>520 Fellowship Rd.<br>Mount Laurel, NJ 08054, | |
| Defendants. | |

## CIVIL ACTION COMPLAINT

Plaintiff Jason Brown (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendants Apothaker & Associates, P.C. d/b/a Apothaker Scian, P.C., David Apothaker, and Kimberly Scian (hereinafter collectively "Defendants").

## INTRODUCTION

1. Plaintiff has initiated this action to redress Defendants' violations of the Fair Labor Standards Act ("FLSA") and the New Jersey State Wage and Hour Law ("NJWHL").

During Plaintiff's tenure, Defendants failed to pay him overtime wages in violation of the FLSA and NJWHL. As a result of this action, Plaintiff suffered damages as set forth herein.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 et seq. This Court has supplemental jurisdiction over the related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§1391 (b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth above in the caption.

8. Defendants, Apothaker & Associates, P.C. d/b/a Apothaker Scian, P.C., (hereinafter "Defendant Apothaker Scian") is/are/were a New Jersey Corporation practicing law, specifically debt collection practice, throughout New Jersey.

9. Defendant David Apothaker (hereinafter "Defendant Apothaker"), and Defendant Kimberly Scian (hereinafter "Defendant Scian"), have been owners, partners, officers, and/or managers of Defendant Apothaker Scian at all times relevant herein.

10. At all times relevant herein, Defendants acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein as if set forth in full.

12. In or around June 2006, Defendants hired Plaintiff as a Suit Review/Skip Trace Clerk.

13. Plaintiff worked for Defendants for approximately one year.

14. In or around June 2008, Defendants rehired Plaintiff as a Post Judgment Execution Clerk.

15. From in or around 2010 until October 2014, Defendants employed Plaintiff as a Staff Manager.

16. Thereafter, from in or around October 2014 until December 2, 2016, Defendants employed Plaintiff as a Compliance Officer (hereafter referred to as the "relevant time period").

17. Defendants paid Plaintiff a salary of $1211.54 per week as a Compliance Officer.

18. Plaintiff's duties during the relevant time period involved clerical duties such as reviewing phone calls, working with agents and compiling lists of complaints.

19. On a few occasions, Plaintiff prepared policies and procedures that were written by a third party company; Plaintiff would submit the policies to Defendant Apothaker who would then edit, sign, and promulgate the policies and procedures.

20. At no time during the relevant time period did Plaintiff have the authority to issue or execute any policies or procedures without direction from Defendant Apothaker.

21. At no time during the relevant time period did Plaintiff have the authority to waive or deviate from the established policies or procedures without direction from Defendant Apothaker.

22. At no time during the relevant time period of Plaintiff's employment did Plaintiff have the authority to supervise or discipline employees.

23. At no point during the relevant time period of Plaintiff's employment did Plaintiff have the authority to hire or fire employees.

24. At no point during the relevant time period of Plaintiff's employment did he perform exempt duties.

25. At no point during the relevant time period of Plaintiff's employment did he have the ability to effect business operations.

26. At no point during the relevant time period of Plaintiff's employment did he commit Defendants to matters of any financial impact.

27. Accordingly, Plaintiff was, within the meaning of the FLSA and the NJWHL, a non-exempt employee of Defendants.

28. While Defendants scheduled Plaintiff to work forty (40) hours per workweek, Plaintiff regularly worked in excess of forty (40) hours in any given workweek.

29. In fact, Plaintiff worked an average of fifty (50) hours per workweek during the relevant time period.

30. Accordingly, Defendants failed to pay Plaintiff at the rate of at least 1.5 times his regular rate of pay for all hours that he worked in excess of 40 hours in a workweek.

31. On December 2, 2016, Defendants terminated Plaintiff.

32. As a result of Defendants unlawful actions, Plaintiff has suffered damages.

## COUNT I
### Violations of the Fair Labor Standards Act ("FLSA")
**(Failure to Pay Overtime Compensation)**

33. The foregoing paragraphs are incorporated herein as if set forth in full.

34. At all times relevant herein, Defendants have and continue to be an employer within the meaning of the FLSA.

35. At all times relevant herein, Defendants were responsible for paying wages to Plaintiff.

36. At all times relevant herein, Plaintiff was employed by Defendants as an "employee" within the meaning of the FLSA.

37. Under the FLSA, an employer must pay an employee at least one and one half times his or her regular rate for each hour worked in excess of forty hours per workweek.

38. Defendants' violations of the FLSA include, but are not limited to, not paying Plaintiff overtime pay for hours worked in excess of 40 per workweek.

39. Defendants' conduct in failing to pay Plaintiff properly was willful and not based upon any reasonable interpretation of the law.

40. As a result of Defendants unlawful conduct, Plaintiff has suffered damages.

## COUNT II
### Violations of the New Jersey Wage and Hour Law
**(Failure to Pay Overtime Compensation)**

41. The foregoing paragraphs are incorporated herein as if set forth in full.

42. At all times relevant herein Defendants were/are an "employer" within the meaning of the New Jersey Wage and Hour Law.

43. At all times relevant herein, Plaintiff was employed by Defendants as an "employee" within the meaning of the New Jersey Wage and Hour Law.

44. The New Jersey Wage and Hour Law requires covered employers to compensate employees at least one and one half times their regular rate of pay for each hour worked over 40 per workweek.

45. Defendants, however, failed to pay Plaintiff any additional compensation for each hour Plaintiff worked in excess of 40 each workweek.

46. As a result of Defendants' failure to pay Plaintiff wages for all hours worked, Defendants violated the New Jersey Wage and Hour Law, causing Plaintiff to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

B. Defendants are to be prohibited from continuing to maintain their illegal policies, practices, and customs that violate the FLSA and/or NJWHL and are to be ordered to promulgate an effective policies, practices, and to adhere thereto;

C. Plaintiff is to be awarded punitive and/or liquidated damages pursuant to the applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable state law; and

F. Plaintiff is permitted to have a trial by jury.

Respectfully Submitted,
**SWARTZ SWIDLER, LLC**

/s/ *Daniel Horowitz*
Daniel Horowitz, Esq.
1101 Kings Highway N., Suite 402
Cherry Hill, NJ 08034
856-685-7420
Attorney for Plaintiff

Date: June 5, 2017