```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JASON BROWN, | 1:17-cv-03994-NLH-JS |
| Plaintiff, | **OPINION** |
| v. | |
| APOTHAKER & ASSOCIATES, P.C. doing business as APOTHAKER SCIAN, P.C., DAVID APOTHAKER, KIMBERLY SCIAN, | |
| Defendants. | |

**APPEARANCES**

DANIEL ARI HOROWITZ
SWARTZ SWIDLER, LLC
1101 KINGS HWY N, STE. 402
CHERRY HILL, NJ 08034
    On behalf of Plaintiff

STEPHANIE JAN MENSING
SCHOENBERG LAW OFFICE
TWO BALA PLAZA, SUITE 300
BALA CYNWYD, PA 19004
    On behalf of Defendants

**HILLMAN, District Judge**

Presently before the Court is the motion of Defendants to dismiss Plaintiff's claims that Defendants violated the federal Fair Labor Standards Act and New Jersey's Wage and Hour Law by not properly compensating him for the time he worked in excess of

40 hours a week.[1]  For the reasons expressed below, Defendants'
motion will be denied.

## BACKGROUND & DISCUSSION

Plaintiff, Jason Brown, worked for Defendants, Apothaker &
Associates, P.C., which does business as Apothaker Scian, P.C.,
and is owned by David Apothaker and Kimberly Scian, as a
compliance officer from October 2014 until December 2, 2016.
Plaintiff claims he was paid a salary of $1,211.54 per week and
even though he was scheduled for 40 hours a week, he typically
worked 50 hours per week.  Plaintiff claims that Defendants did
not compensate him "for hours worked in excess of forty (40) in
a workweek," which is a violation of the Fair Labor Standards
Act ("FLSA"), 29 U.S.C. § 201, et seq., and New Jersey's Wage
and Hour Law ("NJWHL"), N.J.S.A. 34:11-56 et seq.[2] (Amend. Compl.
at 31, Docket no. 10 at 5.)  Plaintiff further claims that he
was an employee who was not exempt from the overtime wage
requirements of the FLSA and NJWHL.

Defendants have moved to dismiss Plaintiff's complaint

---

[1] Defendant filed a motion to dismiss Plaintiff's original complaint. (Docket No. 8.)  In response, Plaintiff filed an amended complaint (Docket No. 10), which Defendants have again moved to dismiss.  Defendants' first motion to dismiss is therefore moot, and the Court will dismiss it accordingly.

[2] This Court has original federal question jurisdiction over this controversy under 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey state law claim pursuant to 28 U.S.C. § 1367(a).

2

because it does not properly allege that during the relevant time period – October 2014 through December 2, 2016 – he actually worked forty hours and additional hours during a workweek for which he was not compensated. Defendants also argue – in a footnote[3] - that Plaintiff's claim that he was a non-exempt employee is false, and is otherwise not properly pleaded.

The Court finds that Plaintiff's complaint satisfies the requisite pleading standards to proceed past Defendants' motion to dismiss.[4]

---

[3] See Docket No. 11-1 at 5 n.1.

[4] When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted). A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal,

The Third Circuit has explained that the "'FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract.'" Davis v. Abington Memorial Hosp., 765 F.3d 236, 241 (3d Cir. 2014) (quoting Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1527 (2013)). Under the FLSA, an employer must pay its employees at least a specified minimum hourly wage for work performed, and the employer must pay one and one-half times the employer's regular wage for hours worked in excess of forty hours per week. Id. (citing 29 U.S.C. §§ 206, 207). Employers who violate these provisions are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." Id. (quoting § 216(b)). Thus, to recover overtime compensation under the FLSA, "an employee must prove that he worked overtime hours without compensation, and he must show the amount and extent of his

---

556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

4

overtime work as a matter of just and reasonable inference."
Id. (citations and quotations omitted).

As to the "level of detail necessary to plead a FLSA" overtime claim, the Third Circuit has instructed:

> We agree with the middle-ground approach taken by the Court of Appeals for the Second Circuit in Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106 (2d Cir. 2013). In Lundy, the court held that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a *given* workweek *as well as* some uncompensated time in excess of the [forty] hours." Id. at 114 (emphases added) (citing 29 U.S.C. § 207(a)(1) (requiring that, "for a workweek longer than forty hours," an employee who works "in excess of" forty hours shall be compensated time and a half for the excess hours)).

Id. at 241-42.

In Davis, the Third Circuit applied the Lundy approach to the case before it, and concluded that the plaintiffs' allegations were insufficient because "[n]one of the named plaintiffs has alleged a single workweek in which he or she worked at least forty hours and also worked uncompensated time in excess of forty hours." Id. at 242 (explaining that "[o]f the four named plaintiffs who allege that they 'typically' worked at least forty hours per week, in addition to extra hours 'frequently' worked during meal breaks or outside of their scheduled shifts . . . none indicates that she in fact worked extra hours during a typical (that is, a forty-hour) week"). The Third Circuit further observed, however:

5

> In reaching this conclusion, we do not hold that a
> plaintiff must identify the exact dates and times that
> she worked overtime. For instance, a plaintiff's
> claim that she "typically" worked forty hours per
> week, worked extra hours during such a forty-hour
> week, and was not compensated for extra hours beyond
> forty hours he or she worked during one or more of
> those forty-hour weeks, would suffice.

<u>Davis</u>, 765 F.3d at 243.

Plaintiff's amended complaint readily satisfies the <u>Davis</u> standard. Specifically citing to <u>Davis</u> in his amended complaint, Plaintiff alleges:

> 28. Defendants typically scheduled Plaintiff to work forty (40) hours per workweek.
>
> 29. Plaintiff typically worked in excess of forty (40) hours in the typical week in which he was scheduled to work forty (40) hours in a workweek.
>
> 30. In fact, Plaintiff typically worked an average of fifty (50) hours per workweek during the relevant time period.
>
> 31. Defendant did not compensate Plaintiff for hours worked in excess of forty (40) in a workweek.
>
> 32. Accordingly, Defendants failed to pay Plaintiff at the rate of at least 1.5 times his regular rate of pay for all hours that he worked in excess of 40 hours in a workweek.
>
> 33. Plaintiff typically worked over forty (40) hours per week and was not compensated for extra hours beyond forty (40) hours he worked during one or more of those forty-hour weeks.

(Amend. Compl. at 31, Docket No. 10 at 4-5.) These allegations satisfy the Third Circuit requirements to plead an overtime wage claim.[5] Defendants' motion must be denied on this issue.

---

[5] Because the NJWHL mirrors its federal counterpart, Plaintiff

With regard to Plaintiff's averments regarding his status as a non-exempt employee, certain employees are exempt from the overtime wage requirements. See 29 U.S.C. § 213(a)(1) (providing that "any employee employed in a bona fide executive, administrative, or professional capacity" are exempt from overtime requirements); N.J.S.A. 34:11-56a4 ("Every employer shall pay to each of his employees wages at a rate of not less than, . . . [as of January 1, 2018, $8.60] per hour for 40 hours of working time in any week and 1 ½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week, except this overtime rate shall not include any individual employed in a bona fide executive, administrative, or professional capacity . . . .").

Defendants refute Plaintiff's classification of his status by stating that he was an exempt employee, which is evidenced by his title "Compliance Officer." Plaintiff, however, claims that he did not perform any exempt duties and he was a non-exempt employee.[6] This disputed fact must be viewed in Plaintiff's

---

has sufficiently pleaded his claim for Defendants' violation of the NJWHL. See Qu Wang v. Fu Leen Meng Restaurant Limited Liability Company, 2018 WL 1027446, at *3 (D.N.J. 2018) (citing Nieves v. Top Notch Granite & Marble LLC, 2011 WL 2937352, at *3 (D.N.J. 2011); Crisostomo v. Exclusive Detailing, Inc., 2010 WL 2640183, at *5 (D.N.J. June 28, 2010) (finding that the NJWHL is analogous to the FLSA and therefore "interpretations construing FLSA are applicable")).

[6] Plaintiff claims that during the relevant time period he did

favor in resolving Defendants' motion to dismiss, particularly considering that exemptions from the overtime requirements are to be narrowly construed against the employer, with the employer having the burden of establishing an exemption.  See Guthrie v. Lady Jane Collieries, Inc., 722 F. 2d 1141, 1143 (3d Cir. 1983). Thus, Plaintiff's averment that he did not perform duties consistent with an exempt employee, when taken as true, is enough to state a claim that his position with Defendants was subject to the FLSA and NJWHL overtime requirements, and Plaintiff's complaint is sufficient to survive Defendants' motion to dismiss on this basis as well.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss will be denied.  An appropriate Order will be entered.


Date:  April 3, 2018                  s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

---

not have authority to issue policies and procedures without direction from Defendant Apothaker; he did not hire, supervise, discipline or fire employees; and he did not commit Defendants to matters of financial impact, all of which evidence his non-exempt status.  Whether these contentions are relevant to ultimate determination of Plaintiff's exempt or non-exempt status are issues of fact to be resolved at another time.

8