IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Jason Brown, | : | Civil Action |
| | : | |
| Plaintiff | : | No. 1:2017-cv-03994-NLH-JS |
| | : | |
| vs. | : | |
| | : | |
| Apothaker & Associates, P.C. d/b/a | : | |
| Apothaker Scian, P.C., David Apothaker, and | : | |
| Kimberly Scian | : | |
| | : | |
| Defendants | : | |

JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE

Plaintiff Jason Brown ("Plaintiff") and Defendants Apothaker & Associates, P.C. d/b/a Apothaker Scian, P.C., David Apothaker, and Kimberly Scian ("Defendants") hereby notify the Court that the Parties have resolved this matter and all claims raised herein and stipulate to the dismissal of this action with prejudice. As such, the Parties file this Joint Motion to Approve Settlement and Dismiss with Prejudice and state as follows:

Factual Background

1.  On June 5, 2017, Plaintiff filed a Civil Complaint, seeking overtime compensation under the Fair Labor Standards Act ("FLSA") and the New Jersey State Wage and Hour Law ("NJWHL"). (ECF No. 1).

2.  On September 15, 2017, Defendants filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 8).

3.  On October 10, 2017, Plaintiff filed an Amended Complaint seeking overtime compensation under the FLSA and the NJWH. (ECF No. 10).

4.  On October 14, 2017, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 11).

5. On November 20, 2017, Plaintiff filed an Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 13).

6. On April 3, 2018, the Court denied Defendants' Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 15).

7. Thereafter, the Parties exchanged some initial discovery and engaged in settlement discussions.

8. On May 9, 2018, counsel for the Parties attended a Scheduling Conference. (ECF No. 16).

9. At the Scheduling Conference, the Parties reached a preliminary settlement agreement regarding Plaintiff's claims.

10. Despite agreeing to resolve Plaintiff's claims in this case, Defendants continue to deny that Plaintiff is entitled to additional wages under the FLSA and/or NJWHL. Notwithstanding the factual and legal defenses that Defendants believe are applicable in this matter, Defendants determined that they preferred to amicably conclude the instant litigation, taking into account the cost and time associated with the ongoing defense of this case. Additionally, Defendants have taken into account the uncertainty and risks inherent in any litigation.

11. Plaintiff determined that he preferred to amicably resolve the matter as Defendants were providing him with a significant portion of the amount he claimed to be owed, including an equal portion for liquidated damages.

12. The Parties jointly submit to the Court that there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendants to evaluate the Parties' claims and defenses and make recommendations regarding the resolution of this matter.

13. The Parties' Settlement Agreement and Release and Waiver of Claims (the "Settlement Agreement") is attached hereto as Exhibit "A".

<u>Memorandum Of Law</u>

In agreeing upon their settlement reached herein, the Parties advise the Court that they obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses. The Parties also respectfully submit that this Court should approve the settlement reached among the Parties as fair and reasonable. *See* 29 U.S.C. §216(c); *Brumley v. Camin Cargo Control, Inc.,* 2012 U.S. Dist. LEXIS 40599, 2012 WL 1019337, at *2 (D. N.J. 2012) (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1354 (11th Cir. 1982)).

District courts in the Third Circuit typically look to the considerations set forth in *Lynn's Food* when deciding whether to approve a FLSA settlement. *Altenbach v. Lube Center, Inc.*, 2013 U.S. Dist. LEXIS 1252, 2013 WL 74251, at *1 (M.D. Pa. 2013). Pursuant to *Lynn's Food*, the Court reviews the parties' agreements to determine if they are "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

At all times material hereto, Plaintiff and Defendants were represented by counsel experienced in the litigation of FLSA claims. Both the terms and conditions of the Settlement Agreement and the settlement amounts were the subject of arms-length negotiations. The settlement amounts were based on information learned during discovery, including the exchange of Plaintiff's pay records, as well as negotiations between counsel. The Parties, therefore, respectfully submit that the Settlement Agreements they have entered into represents a reasonable compromise of Plaintiff's claims consistent with the FLSA's intent and purpose and the requirements of *Lynn's Food*.

The Parties agree that the lawsuit involves disputed issues, including (1) whether or not

3

Plaintiff was paid for all hours worked, (2) whether Plaintiff was even entitled to additional compensation under the FLSA; and (3) whether Defendants acted in good faith as to bar all or part of Plaintiff's claims.

The complexity, expense, and length of future litigation also militate in favor of this settlement. Plaintiff and Defendants continue to disagree over the merits of Plaintiff's claim. If the Parties continued to litigate this matter, they would be forced to engage in costly and protracted litigation in order to prove their claims and defenses. Therefore, even if Plaintiff succeeded on the merits of his claim, which would require substantial additional time and exercise of resources by both Parties, the amount of his recovery is uncertain. Because of the nature of Defendants' defenses, the range of recovery in this matter is zero to full damages. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs. Based on the various issues in dispute and the uncertainty of the outcome of Plaintiff's claims, Plaintiff agrees that the amount he is receiving pursuant to this settlement represents a reasonable compromise.

Finally, in FLSA cases, judicial approval of attorneys' fees is necessary "'to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *In re Chickie's & Pete's Wage & Hour Litig.,* 2014 U.S. Dist. LEXIS 30366, *11-13 (E.D. Pa. 2014); *Brumley,* 2012 U.S. Dist. LEXIS 40599, 2012 WL 1019337, at *9 (*quoting Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009)). The court "must articulate the basis for a fee award." *Loughner v. Univ. of Pittsburgh,* 260 F.3d 173, 178 (3d Cir. 2001).

In FLSA cases, both the "lodestar" formula and the percentage-of-recovery method have been used in evaluating the reasonableness of attorneys' fees. *See Loughner,* 260 F.3d at 177 (using "lodestar" formula); *Brumley,* 2012 U.S. Dist. LEXIS 40599, 2012 WL 1019337, at *9 (using percentage-of-recovery method).

4

Here, the Parties stipulate that the amount allocated for attorney's fees and costs is reasonable based on the amount of time actually spent by Plaintiff's counsel in prosecuting and ultimately resolving these claims, which included substantial time invested in surviving Defendants' Motion to Dismiss. As such, the Parties submit that the amounts allocated to the Plaintiff and Plaintiff's counsel, represent a fair resolution to this matter that should be deemed to pass judicial scrutiny under *Lynn's Food Stores, Inc.* v. U.S., 679 F.2d 1350.

## Conclusion

Based upon the foregoing, the Parties respectfully submit that the settlement reached herein was a reasonable compromise that was arrived at after due consideration. Pursuant to *Lynn's Food*, the Parties request that this Court approve the Parties' settlement as fair and reasonable and dismiss this case with prejudice.

Respectfully submitted,

/s/ Daniel A. Horowitz
Daniel A. Horowitz
Swartz Swidler, LLC
1101 North Kings Highway, Suite 402
Cherry Hill, NJ 08034
(856) 685-7420; (856) 685-7417
Attorney for Plaintiff

Dated: August 30, 2018

/s/ Stephanie J. Mensing
Stephanie J. Mensing
Mensing Law LLC
1635 Market Street, Suite 1600
Philadelphia, PA 19103
(215) 586-3751; (215) 359-2741 fax

Claude I. Schoenberg
Two Bala Plaza, Suite 300
Bala Cynwyd, PA 19004
*Admitted Pro Hac Vice*

Attorneys for Defendants

Dated: August 30, 2018